UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DEVRIM AYBAK,

Petitioner,

v.

DAVID J. VENTURELLA, et al.,

Respondents.

Case No. 5:26-cv-06848-PD

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**

**A# 241-020-926**

Devrim Aybak ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1. Pursuant to General Order 26-05, Respondents' answer was due November 22, 2026. Dkt. No. 4. Respondents did not file an answer by that deadline, and as of the date of this Order, have not filed a response. On November 23, 2026, Petitioner filed a second motion for temporary restraining order and a notice of Respondents' non-opposition. Dkt. Nos. 11, 12. For the reasons stated below, the Petition is granted.

## I. Background

Petitioner is a native and citizen of Turkey and is ethnically Kurdish. Dkt. No. 1, Petition at 5.[1] He entered the United States on March 2, 2023, through the San Ysidro Port of Entry in California, after traveling from Turkey through Mexico. *Id.* Upon entering the United States, he immediately expressed his intention to seek asylum. *Id.* Petitioner states that he fled Turkey because of a longstanding pattern of discrimination, threats, physical violence, detention, and torture connected to his Kurdish ethnicity, his family's political background, and his own actual or perceived political opinion. *Id.*

Following his entry into the United States, Petitioner was taken into immigration custody and subsequently released. *Id.* at 7. Following his release, Petitioner established himself in the United States and pursued his immigration case. *Id.* He continued to seek protection from removal to Turkey based on the persecution he had experienced and his fear of future harm. *Id.*

Petitioner was undergoing removal proceedings before an Immigration Court in New Jersey. *Id.* at 8. His former counsel requested permission to appear remotely through Webex. *Id.* The request was denied on September 23, 2026, seven days before the scheduled hearing. *Id.* Petitioner was not timely informed of the denial and could not reasonably arrange travel and appear before the Immigration Court within that limited period. *Id.* Consequently, Petitioner was unable to attend the September 30, 2026 hearing and the Immigration Judge entered an in absentia removal order. *Id.* Petitioner did not intentionally fail to appear or abandon his immigration proceedings. *Id.* His absence resulted from ineffective assistance of counsel

---

[1] The Court uses the page numbers inserted into the pleadings by the Court's electronic filing system.

and circumstances beyond his "reasonable ability to address at such short notice." *Id.*

After the removal order, Petitioner retained new counsel to challenge the decision and pursue the available administrative remedies. *Id.* at 8. The Immigration Judge's September 30, 2026 order had not been provided by Petitioner's former counsel to the attorney responsible for the appellate filing. *Id.* at 9. A BIA appeal was submitted to challenge the adverse decision, but was returned by the BIA on November 9, 2026, due to a payment deficiency. *Id.* The required appeal fee has since been paid and Petitioner's counsel is preparing a Motion to Reopen and Rescind the In Absentia Removal Order before the Immigration Court. *Id.*

On October 27, 2026, Petitioner was taken into ICE custody. He is currently detained at Desert View Facility, Adelanto ICE Processing Center, in Adelanto, California. *Id.* at 2.

## II. Discussion

The Petition raises three claims: (1) Violation of the Due Process Clause of the Fifth Amendment; (2) Violation of the Immigration and Nationality Act ("INA"); and (3) Violation of the Administrative Procedures Act ("APA"). Dkt. No. 1. Petitioner seeks immediate release. *Id.*

Respondents have neither filed a notice of appearance nor an answer. The time has passed to comply with the briefing schedule, and so this Petition is deemed unopposed.

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the

role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Earlier this year, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted).

Here, Respondents did not meet this burden as they failed to provide an answer. Their failure to do so constitutes forfeiture of the arguments they *could* have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. *See, e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing

but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner released.

## III. Order

For the foregoing reasons, the Petition is GRANTED.

Petitioner Dervin Aybak (A# 241-020-926) is **ordered released** within 24 hours of this Order under the terms and conditions of Petitioner's existing release, as if Petitioner had not been detained. This Order does not provide Petitioner with blanket immunity from future detention – that relief is likely beyond the Court's jurisdiction – but any future enforcement actions after release must comply with Due Process requirements.

Petitioner's second motion for temporary restraining order, Dkt. No. 11, is dismissed as moot.

At the time of release, **Respondents are ordered** to return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report (1) confirming Petitioner's release, and (2) the return to Petitioner of his personal belongings, including the above-listed items.

IT IS SO ORDERED.

DATE: November 24, 2026

Patricia Donahue
United States Magistrate Judge